Daniel R. Watkins
Nevada State Bar No. 11881
DW@wl-llp.com
Brian S. Letofsky
Nevada State Bar No. 11836
Brian.Letofsky@wl-llp.com
WATKINS & LETOFSKY, LLP
8215 S. Eastern Ave., Suite 265
Las Vegas, NV 89123
Office: (702) 385-5191; Fax: (702) 385-7282

Attorneys for Plaintiff, SHANTELL ORTIZ

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SHANTELL ORTIZ,<br><br>PLAINTIFF;<br><br>vs.<br><br>LOGISTICARE SOLUTIONS, LLC, a foreign limited liability company; AND DOES 1-50, inclusive;<br><br>DEFENDANTS. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**(DEMAND FOR JURY TRIAL)** |

COMES NOW, Plaintiff, SHANTELL ORTIZ (herein "PLAINTIFF") and files this civil action against Defendants, and each of them, for violations of the Americans with Disabilities Act of 1990 (42 U.S.C. §§12101 *et seq.*); as well as violations under Nevada Revised Statutes §§ 613.330 *et seq.*; and related claims under Nevada law, seeking damages, and alleges as follows:

//
//
//
//
//
//

## JURISDICTION AND VENUE

1. This Court has jurisdiction and venue over this action pursuant to 28 U.S.C. §§ 1331, 1343, 42 U.S.C. §2000e, and the Americans with Disabilities Act of 1990 (42 U.S.C. §§12101 *et seq*.) which confer original jurisdiction on federal district courts in suits to address the deprivation of rights, privileges and immunities secured by the United States Constitution and federal law.

2. Jurisdiction of this Court is also appropriate under 42 U.S.C. §§ 1981, 1983 and 1985(3) and any related claims under Nevada law.

3. Supplemental Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1367 over the State law claims which are so related to the federal claims in this action that they form part of the same case or controversy under Article III of the United States Constitution.

4. Plaintiff has exhausted her administrative remedies.

5. All conditions precedent to jurisdiction under section 42 U.S.C. §2000e-5(f) have occurred or been complied with:

    a. A charge of employment discrimination was filed with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the commission of the unlawful employment practice alleged herein and / or within 300 days of PLAINTIFF instituting proceedings with a State or local agency with authority to grant or seek relief from such unlawful employment practices alleged herein;

    b. A Notice of Right to Sue in Federal Court was received from the EEOC, dated May 5, 2016. (A true and correct copy of said letter is attached and incorporated herein as Exhibit "1".)

6. This complaint has been filed within 90 days of receipt of the EEOC's Notification of Right to Sue.

7. Venue is proper in the District of Nevada because the unlawful employment practices alleged herein were committed in whole or in part in the District of Nevada pursuant to 28 U.S.C. § 1391(b).

//

## PARTIES

### PLAINTIFF

8. Plaintiff, SHANTELL ORTIZ (hereinafter "PLAINTIFF") was a qualified/eligible "employee" of Defendant, LOGISTICARE SOLUTIONS LLC ("LOGISTICARE"), within the meaning of 42 U.S.C. §2000e(f); the Americans with Disabilities Act of 1990 (42 U.S.C. §§12111) and related claims under Nevada law.

### DEFENDANTS

9. Defendant, LOGISTICARE SOLUTIONS, LLC ("LOGISTICARE"), is a Nevada limited liability company qualified to do business in Nevada as LOGISTICARE SOLUTIONS, LLC and employs 50 or more employees and is an "employer" within the meaning of 42 U.S.C. §2000e(b); the Americans with Disabilities Act of 1990 (42 U.S.C. §§12111); and related claims under Nevada law. LOGISTICARE has offices located at 3291 N. Buffalo Drive, Las Vegas, NV 89129.

10. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1 through 50, inclusive, are unknown to PLAINTIFF at this time, who therefore sues said Defendants by such fictitious names. PLAINTIFF is informed and believes and thereon alleges that each of the fictitiously named Defendants are in some way responsible for, or participated in, or contributed to, the matters and things complained of herein, and is legally responsible in some manner. PLAINTIFF shall request leave of this Court to amend this Complaint when the true names, capacities, participation and responsibilities have been ascertained.

### STATEMENT OF FACTS

11. PLAINTIFF began her employment with LOGISTICARE on or about October 24, 2014 as a Customer Service Representative. In this capacity, PLAINTIFF was paid $10.00 per hour.

12. Rachel (last name unknown), also known as "Desa," was a Manager at LOGISTICARE and PLAINTIFF's supervisor.

//

13.     On or about February 28, 2015, PLAINTIFF informed Rachel that she was suffering from severe pain in her left arm. Rachel told PLAINTIFF to see a doctor immediately. PLAINTIFF was first seen at Urgent Care and told she could possibly have neuropathy. PLAINTIFF followed-up with her primary care doctor that same day who had prescribed her pain medications, referred her to a neurologist and advised PLAINTIFF to take time off from work due to her disability. Both doctors had written a doctor's note on PLAINTIFF's behalf.

14.     PLAINTIFF had sent Rachel a text message that same day to inform Rachel of her visit with her primary care doctor.

15.     PLAINTIFF had a follow-up visit with her primary care doctor four days later. He had recommended she take a couple more days off from work. He wrote another doctor's note on PLAINTIFF's behalf.

16.     On or about March 4, 2015, PLAINTIFF returned to work at LOGISTICARE and placed doctor's notes from Urgent Care and from her primary care doctor on Rachel's desk because she was not in her office. In the notes, PLAINTIFF's primary care doctor requested a light duty accommodation for PLAINTIFF due to her disability.

17.     Later that morning, PLAINTIFF was called into a meeting by Rachel and the Manager of Operations, Bruce (last name unknown). PLAINTIFF was told she was suspended while LOGISTICARE Human Resources investigated the authenticity of PLAINTIFF's doctor's note. PLAINTIFF was told Rachel would call to inform her of the outcome.

18.     PLAINTIFF was asked to relinquish her personal ID badge and desk drawer key immediately and was suspended indefinitely without pay.

19.     PLAINTIFF had previously missed work approximately three (3) times for medical or illness reasons for herself or her children. PLAINTIFF had provided a doctor's note each time without issue.

20.     On or about March 12, 2015, PLAINTIFF was called by Rachel and asked to come into the office for a meeting. PLAINTIFF met with Rachel and a newly hired Human Resources representative. Rachel handed PLAINTIFF her final paycheck and informed her she was no longer employed at LOGISTICARE.

21. When PLAINTIFF asked why she was being discharged, Rachel was dismissive and told PLAINTIFF to "take it up with Bruce."

22. PLAINTIFF believes that LOGISTICARE's decision to discharge her was pretext for disability discrimination.

23. At no time did anyone from LOGISTICARE initiate the interactive process to determine the nature and extent of the problem and then determine what reasonable accommodations were needed. At no time did anyone from LOGISTICARE accommodate PLAINTIFF as requested. Instead, PLAINTIFF was suspended indefinitely and subsequently terminated from her position as a customer service representative.

24. PLAINTIFF was disabled as defined by the Americans with Disabilities Act as a result of her medical condition, specifically severe pain, possibly neuropathy, in her left arm. Most importantly, LOGISTICARE was and at all material times had been aware of the extent and nature of PLAINTIFF'S disabilities for her medical condition. LOGISTICARE is and at all material times has been aware of the extent and nature of PLAINTIFF's disabilities.

## COUNT I

### DISABILITY DISCRIMINATION
Americans with Disabilities Act (42 U.S.C. §§12101 *et seq.*)
NV Rev. Stat. §§ 613.330 *et seq.*

**(LOGISTICARE SOLUTIONS, LLC AND DOES 1-50, inclusive.)**

25. PLAINTIFF hereby incorporates paragraphs 1 through 24 of this Complaint as though fully set forth herein.

26. PLAINTIFF has a disability within the meaning of the Americans with Disabilities Act ("ADA"). A "disability" under the ADA is a physical or mental impairment that substantially limits one or more of the major life activities of such individual. The terms disability and physical or mental impairment include (1) any physiological disorder, or condition, affecting one or more of the following body systems: neurological, musculoskeletal and others; or (2) any mental or psychological disorder such as emotional or mental illnesses among others.
//

27.     PLAINTIFF is a qualified individual, meaning an individual with a disability who, with or without a reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires. PLAINTIFF satisfies the requisite skill, experience, education, and other job-related requirements of the employment position of Manager.

28.     LOGISTICARE failed to initiate and/or engage in the interactive process with PLAINTIFF to determine what reasonable accommodations would apply to enable PLAINTIFF to work as a Customer Service Representative.

29.     PLAINTIFF requested of LOGISTICARE an accommodation due to her disability and/or LOGISTICARE knew, or had reason to know that (a) PLAINTIFF has a disability; and (b) PLAINTIFF was experiencing workplace problems because of the disability. LOGISTICARE could have made a reasonable accommodation that would have enabled the PLAINTIFF to perform the essential functions of the job by providing her with a customer service position with limited duties.

30.     The requested accommodation did not impose an undue hardship on the operation of LOGISTICARE's business.

31.     PLAINTIFF claims that her disability was a motivating factor for LOGISTICARE's decision to suspend her and subsequently terminate her employment.

32.     LOGISTICARE engaged in a practice of discriminating against PLAINTIFF as a result of PLAINTIFF'S disability. LOGISTICARE's unlawful discrimination against PLAINTIFF includes treating employees differently based on their disability related to employment, including recruitment, hiring, assignments, discipline, promotion, and benefits.

33.     LOGISTICARE, through its agents or supervisors, failed to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act of LOGISTICARE as described above thereby ratifying the unlawful conduct of its agents or supervisors.

34.     LOGISTICARE's unlawful actions were intentional, willful, malicious and/or done with reckless disregard for PLAINTIFF'S federally protected rights.

35. PLAINTIFF requests relief as described in the Prayer for Relief below.

## COUNT II

### RETALIATION
Americans with Disabilities Act (42 U.S.C. §§12101 *et seq.*)
NV Rev. Stat. §613.330 *et seq.*

**(LOGISTICARE SOLUTIONS, LLC AND DOES 1-50, inclusive.)**

36. PLAINTIFF hereby incorporates paragraphs 1 through 35 of this Complaint as though fully set forth herein.

37. PLAINTIFF engaged in an activity protected under federal and state laws, including reporting of LOGISTICARE's intentional, voluntary, deliberate, and willful discrimination against PLAINTIFF by depriving of or interfering with PLAINTIFF'S rights and benefits, and LOGISTICARE subjected PLAINTIFF to adverse employment acts, including but not limited to a suspension pending an investigation and termination.

38. PLAINTIFF was subjected to the adverse employment actions described herein because she requested reasonable accommodation. LOGISTICARE reacted by depriving her of her rights and benefits under the Americans with Disabilities Act (42 U.S.C. §§12101 *et seq.*) by suspending her and subsequently terminating her.

39. PLAINTIFF was subjected to the adverse employment action described herein because of her participation in the protected activity and adverse employment action would not have occurred but for that participation.

40. As a direct and proximate result of the LOGISTICARE's willful, knowing, and intentional discrimination and retaliation against PLAINTIFF, PLAINTIFF has suffered and will continue to suffer pain, humiliation and emotional distress.

41. PLAINTIFF has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. PLAINTIFF is thereby entitled to general and compensatory damages in amounts to be proven at trial.

//
//

42. LOGISTICARE intentionally, voluntarily, deliberately, and willfully discriminated against PLAINTIFF by depriving of or interfering with PLAINTIFF'S rights and benefits under the Americans with Disabilities Act (42 U.S.C. §§12101 *et seq.*).

43. LOGISTICARE's unlawful actions were intentional, willful, malicious and/or done with reckless disregard for PLAINTIFF'S federally protected rights.

44. PLAINTIFF requests relief as described in the Prayer for Relief below.

## COUNT III

## TORTIOUS DISCHARGE

### (LOGISTICARE AND DOES 1-50, inclusive.)

45. PLAINTIFF hereby incorporates paragraphs 1 through 44 of this Complaint as though fully set forth herein.

46. PLAINTIFF engaged in conduct in furtherance of public policy. Specifically, PLAINTIFF requested reasonable accommodation due to her disability.

47. LOGISTICARE had actual and constructive knowledge of PLAINTIFF's conduct in that PLAINTIFF was instructed to see a doctor by a Manager. PLAINTIFF was ordered to take three days off from work by her doctors. After returning to work, PLAINTIFF placed a doctor's note on the Manager's desk requesting a light duty accommodation.

48. Because PLAINTIFF had a disability and requested a reasonable accommodation, she was subjected to suspension pending an investigation and eventually terminated in derogation of the public policy of the State of Nevada.

49. PLAINTIFF's termination was motivated by the actions of LOGISTICARE that are in violation of a strong and compelling public policy. LOGISTICARE's actions violated the special relationship of trust between employers and employees. The arbitrary, abusive, intentional, malicious termination of PLAINTIFF demands a remedy beyond what traditionally flows from breach of contract, statutory or other administrative remedies.

50. LOGISTICARE's conduct was a substantial factor in causing damage to PLAINTIFF.

//

51. As a direct and proximate result of LOGISTICARE's intolerable actions and violations of a strong a compelling public policy, PLAINTIFF has suffered harm including but not limited to loss of wages, loss of benefits, unemployment, and a negative financial impact on her well-being.

52. There is no adequate contractual, statutory or administrative remedy for LOGISTICARE's violation of a strong and compelling public policy.

53. PLAINTIFF requests relief as described in the Prayer for Relief below.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays that this Court grant the following relief:

A. Grant PLAINTIFF the recovery of lost income that is equal to the amount of the employment obligation she had prior to the alleged violations plus interest.

B. Grant general and special damages in amounts according to proof pursuant to 42 U.S.C. §1981a, 42 U.S.C. §2000e, the Americans with Disabilities Act (42 U.S.C §12101 *et seq.*), and other applicable statutes.

C. Punitive damages pursuant to 42 U.S.C. §1981a, 42 U.S.C. §2000e, the Americans with Disabilities Act (42 U.S.C §12101 *et seq.*), and other applicable statutes to deter and punish the defendants;

D. Reasonable attorneys' fees pursuant to 42 U.S.C. §2000e, the Americans with Disabilities Act (42 U.S.C §12101 et seq.), and other applicable statutes.

E. Grant costs of suit incurred herein; and

F. Grant such other and further relief as the court deems just and proper.

DATED: July 26, 2016

WATKINS & LETOFSKY, LLP

By: _____
DANIEL R. WATKINS
BRIAN S. LETOFSKY
Attorneys for PLAINTIFF,
SHANTELL ORTIZ

## REQUEST FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure 38(b) and 42 U.S.C. §1981a, PLAINTIFF demands a trial by jury in this action on all issues so triable.

DATED: July 28, 2016              WATKINS & LETOFSKY, LLP

                                  By: _____
                                  DANIEL R. WATKINS
                                  BRIAN S. LETOFSKY
                                  Attorneys for PLAINTIFF,
                                  SHANTELL ORTIZ

# EXHIBIT 1

EEOC Form 161-B (11/09)       U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Shantell Ortiz<br>3900 E. Sunset Road # 2118<br>Las Vegas, NV 89120 | From: | Los Angeles District Office<br>255 E. Temple St. 4th Floor<br>Los Angeles, CA 90012 |
|---|---|---|---|

[ ]  On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 34B-2016-00071 | Karrie L. Maeda,<br>State & Local Coordinator | (213) 894-1100 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**
Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA): This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ]  More than 180 days have passed since the filing of this charge.

[X]  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]  The EEOC is terminating its processing of this charge.

[ ]  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ]  The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*(signature)*

Rosa M. Viramontes,
District Director

May 5, 2016
(Date Mailed)

Enclosures(s)

cc: Jenny Southern
Senior V.P. of H.R.
LOGISTICARE
1275 Peachtree St. 6th Floor
Atlanta, GA 30309